**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD CHAVEZ, | |
| Plaintiff(s), | Case No. 2:15-cv-01563-JAD-NJK |
| vs. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits. Currently pending before the Court is Plaintiff's memorandum in support of motion for judgment on the pleadings. Docket No. 20. The Commissioner filed a response in opposition. Docket Nos. 22. No reply was filed. *See* Docket. The Commissioner also filed a cross-motion to affirm. Docket No. 21. No reply was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

//

//

B. <u>Disability Evaluation Process</u>

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §

404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement in 20 C.F.R. §§ 404.1509, then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529; SSR 96-8p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.   BACKGROUND**

    A.   Procedural History

On May 15, 2013, Plaintiff filed an application for disability insurance benefits, alleging that he had been unable to work since February 1, 2011. *See, e.g.*, Administrative Record ("A.R.") 240-43. His claims were denied initially on November 12, 2013, and upon reconsideration on March 5, 2014. A.R. 177-181, 184-187. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") and, on October 2, 2014, Plaintiff, his attorney, and a vocational expert appeared for a hearing before ALJ Norman L. Bennett. *See* A.R. 128-153. At the hearing, Plaintiff amended his alleged onset date of disability to May 1, 2013. A.R. 111. On November 25, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from March 1, 2013, through the date of his decision. A.R. 111-127. The Appeals Council denied Plaintiff's request for review on June 15, 2015. A.R. 8-13. Plaintiff submitted new evidence and, after considering that evidence, the Appeals Council again denied Plaintiff's request for review. A.R. 1-6. The ALJ's decision became the final decision of the Commissioner on August 21, 2015. *Id.*

B.     The Decision Below

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 111-127. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 30, 2016 and has not engaged in substantial gainful activity since May 1, 2013. A.R. 113. At step two, the ALJ found that Plaintiff has the following severe impairments: post-traumatic stress disorder; mild cerebral/cerebellar atrophy; early stage prostate cancer; and right shoulder rotor cuff tear injury, post-surgical repair. A.R. 113-114. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 114-116.

The ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined by 20 C.F.R. 404.1567(c) except: lift fifty pounds occasionally and twenty-five pounds frequently; stand and walk 6 hours of an 8 hour workday; sit 6 hours out of an 8 hour workday; no reaching above the shoulder level with the right arm; and Plaintiff is limited to performing simple repetitive tasks, as well as short superficial contact with supervisors, co-workers, and the general public. A.R. 116-120. At step four, the ALJ found Plaintiff was unable to perform any past relevant work, but found that jobs exist in significant numbers in the national economy that Plaintiff can perform. A.R. 120-121. Based on all of these findings, the ALJ found Plaintiff not disabled and denied his application for disability insurance benefits. A.R. 121-122.

**III.   ANALYSIS**

Plaintiff submits that the ALJ erred in four respects.[2] First, he contends that the ALJ failed to properly weigh the medical opinion evidence. Docket No. 20 at 10-16. Second, he submits that the ALJ conducted a flawed credibility determination. *Id.* at 16-20. Third, he asserts that the ALJ did not sufficiently defer to the disability determination of the United States Department of Veteran's Affairs (VA). *Id.* at 21-22. Fourth, he claims that the ALJ relied on flawed vocational expert testimony. *Id.* at 22-23. The Court considers each argument in turn.

---

[2] As Plaintiff does not dispute the ALJ's findings regarding Plaintiff's physical limitations, the Court's discussion centers on Plaintiff's alleged mental limitations. Docket No. 20 at 3 n.4.

A. Weighing the Medical Opinion Evidence

In regards to Plaintiff's mental limitations, the ALJ weighed the conflicting opinions of four medical professionals: Cheryl Woodson-Johnson, PhD, a non-examining state agency psychologist; Bahareh Talei, Phd, an examining psychologist; Dr. Ali Aziz, a treating psychiatrist; and Dr. Claudia Taccir-Macias, a second treating psychiatrist. A.R. 117-119. The ALJ gave no weight the opinions of Dr. Aziz and Dr. Tacci-Macias while crediting those of Dr. Woodson-Johnson and Dr. Talei. A.R. 117-120.

The ALJ found Dr. Aziz and Dr. Tacci-Macias' opinions failed to adequately address Plaintiff's alcohol abuse. A.R. 120. The ALJ reasoned that, as a result of this failure, their conclusory opinions, rendered on a check-box form, should be afforded significantly less weight. *Id.* In contrast, the ALJ, after considering and weighing the medical opinions, gave weight to the more developed opinions of Dr. Woodson-Johnson and Dr. Talei, which conflicted with those of Dr. Aziz and Dr. Tacci-Macias. A.R. 117, 119.

Plaintiff submits that the ALJ erred in rejecting the opinions of Dr. Aziz and Dr. Tacci-Macias by failing to provide specific and legitimate reasons supported by substantial evidence in the record. Docket No. 20 at 10-11. Plaintiff contends that the ALJ improperly rejected Dr. Aziz and Dr. Tacci-Macias' opinions based on a "finding that the treating sources were unaware that Mr. Chavez" abused alcohol. *Id.* at 11. Moreover, Plaintiff argues that the ALJ used Plaintiff's substance abuse as a back-door method of denying Plaintiff benefits without considering the applicable regulations. *Id.* at 11-12.

The Ninth Circuit distinguishes the weight of the opinions of three types of physicians: "(1) those who treat the claimant (treating physicians), (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claim (nonexamining physicians)." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995)). Generally, the opinions of treating physicians are entitled to more weight than those of the examining physician and the opinions of examining physicians are entitled to more than those of a nonexamining physician. *Id.* (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Ryan*, 528 F.3d at 1198). "An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (internal quotations omitted). In conducting this analysis, the ALJ must consider the factors in 20 C.F.R. § 404.1527(c)(2)(i)(ii) and (c)(3)-(6), which include the length of the treatment relationship, the nature of the treatment relationship, the evidence used to support an opinion, and the consistency of an opinion with the record as a whole. *Id.* at 1012 n.11.

In this case, the opinions of Dr. Woodson-Johnson, a non-examining state agency psychologist and Dr. Talei, an examining physician, conflicted with those of Plaintiff's treating physicians, Dr. Aziz and Dr. Tacci-Macias. *See, e.g.*, A.R. 829-835 (Dr. Talei concluding that Plaintiff's "overall cognitive ability falls within the average range); *see, e.g.*, A.R. 942-945 (Dr. Tacci-Macias assessing moderate to moderate-to-marked mental limitations). The ALJ, therefore, was permitted to reject the opinions of Dr. Aziz and Dr. Tacci-Macias only by offering specific and legitimate reasons supported by substantial evidence. *Garrison*, 759 F.3d at 1012.

The ALJ did not err in rejecting the opinions of Dr. Aziz and Dr. Taccir-Macias. Their opinions consist of a series of checks on a mental impairment questionnaire form provided by Plaintiff's counsel's law firm. A.R. 836-40; A.R. 942-946. That form required them to "indicate only those limitations that exist in the absence of drug or alcohol abuse." A.R. 838. Both doctors, however, make no indication that they incorporated Plaintiff's alcohol abuse into his or her analysis. A.R. 836-40; A.R. 942-946. Moreover, beyond a conclusory statement that Plaintiff is a combat veteran, they provide no rationale, treatment notes, or psychiatric tests that underlie their opinions regarding Plaintiff's alleged mental limitations. A.R. 840; A.R. 944.

When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that examining physician's opinion constituted sufficient evidence to reject treating physician's brief and conclusory opinion). Dr. Aziz and Dr. Taccir-

8

Macias' opinions were brief and conclusory, and failed to explain the basis for their assessed limitations. The ALJ therefore did not err in rejecting their opinions and affording greater weight to more developed opinions.

Plaintiff's arguments to the contrary are unpersuasive. His contention that the ALJ found that the treating sources were unaware of his alcohol abuse is directly contradicted by the text of the ALJ's opinion. Docket No. 20 at 10-11. The ALJ acknowledged that the treating sources were aware that Plaintiff "had a history of alcohol abuse" but found the treating physicians failed to adequately consider it. A.R. 120. Similarly, Plaintiff's argument that the ALJ failed to consider the applicable regulations mischaracterizes the ALJ's decision. Docket No. 20 at 11-12. The ALJ simply rejected the opinions of Plaintiff's treating physicians as conclusory and deficient in their failure to consider Plaintiff's substance abuse.[3] There was no finding that Plaintiff was not entitled to benefits because he abused alcohol.

While Plaintiff may disagree with the ALJ's assessment of the medical evidence, for the reasons discussed above, the ALJ did not err in resolving the conflicting opinions of medical experts by rejecting conclusory opinions in favor of more detailed ones.

B.    Credibility

The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).[4] To support a

---

[3] Plaintiff also contends that the ALJ's finding that he abused alcohol is not supported by the record. Docket No. 20 at 19. The record, however, is replete with evidence supporting this finding. *See, e.g.*, A.R. 907 (treating physician expressing concern about Plaintiff's excessive alcohol consumption and referring Plaintiff to the VA's Addictive Disorders Treatment Program (ADTP program)).

[4] The Commissioner asserts that the Ninth Circuit's "clear and convincing" standard "exceeds the requirements set forth by Congress and by the Commissioner at the behest of Congress and would appear to be improper." *See* Docket No. 21 at 7 n.2. The Commissioner fails to show that the relevant Ninth

finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than he claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

The ALJ found that Plaintiff's testimony as to the intensity, persistence and limiting effects of his symptoms was not entirely credible. A.R. 117. In particular, the ALJ based that determination on Plaintiff's demeanor at the hearing, prior inconsistent statements, lack of evidence of consistent treatment, and medical opinion evidence. A.R. 117-120.

Plaintiff submits that the ALJ inappropriately relied on demeanor evidence. Docket No. 20 at 17-18; *see* A.R. 119 (the ALJ finding that Plaintiff's demeanor and presentation undermined his credibility). Personal observations standing alone cannot support adverse credibility finding, but they may be used in the overall credibility evaluation. *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007); *see also* SSR 96-7p. Demeanor evidence did not form the sole basis for the ALJ's credibility assessment. Accordingly, the ALJ did not err in incorporating demeanor evidence into his credibility determination. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002).

Plaintiff next objects to the ALJ's finding that the lack of medical evidence undermined his credibility. Docket No. 20 at 18. Plaintiff contends that amble evidence of his impairments exists in the record. *Id.* Lack of medical evidence is a proper factor to consider in assessing credibility, although it cannot form the sole basis for discounting testimony. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Plaintiff's argument presupposes his interpretation of the record. Docket No. 20 at 18 (citing the first section of Plaintiff's brief which complains about the ALJ's assessment of Plaintiff's

---

Circuit authority has been overruled, however, so this Court continues to apply the standard adopted by the Ninth Circuit. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue . . . Binding authority must be followed unless and until overruled by a body competent to do so").

10

treating physicians). The ALJ, however, gave no weight to the opinions of Dr. Aziz and Dr. Tacci-Macias. A.R. 117-20. Instead, he gave great weight to the findings of Dr. Talei, who opined that Plaintiff's statements regarding his symptoms were not entirely credible. A.R. 118. Accordingly, the ALJ did not error in concluding that Plaintiff's statements were not entirely credible in light of the medical evidence.

Plaintiff also contends that the ALJ erred in considering his post-war employment history because Post-Traumatic Stress Disorder (PTSD) often has a delayed onset. Docket No. 20 at 18. Plaintiff misinterprets the ALJ's opinion. Delayed onset did not form the basis of the credibility determination. Rather, the ALJ found that Plaintiff worked a series of jobs until he quit when the VA awarded him full disability benefits in May 2013 with an effective onset date of February 2011. A.R. 120; *see also* A.R. 236-39. Thus, the ALJ took note of the fact that Plaintiff worked a series of jobs while representing that he was "unable to work because of a serious disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (explaining standard for VA benefits). Once Plaintiff secured benefits, he stopped working. *See* A.R. 120. The ALJ, therefore, did not fault Plaintiff for any alleged delayed onset of his PTSD symptoms, but rather construed Plaintiff's work history as being inconsistent with his claims before the VA of serious disability. This was not error. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (affirming finding that claim for unemployment benefits constituted evidence of prior inconsistent statement undermining credibility).

Plaintiff submits that the ALJ erred in considering his prior inconsistent statements as to why his post-war employment stopped. Docket No. 20 at 19. The ALJ found that Plaintiff's credibility was undermined by inconsistent statements regarding his reason for leaving the employment market. A.R. 120. The record supports this finding. Plaintiff testified he quit his job due to physical and mental strain; however, Plaintiff told Dr. Talei that he quit because he had qualified for long-term benefits from the VA. A.R. 139; *see also* A.R. 830. Moreover, it is proper for an ALJ to consider a claimant's prior inconsistent statements in making a credibility determination. *Orn*, 495 F.3d at 636.

Plaintiff next complains about the ALJ's consideration of his return to college after his onset date. Docket No. 20 at 20; *see also* A.R. 120-121. The ALJ, however, never found that Plaintiff's

11

return to school contradicted his allegations of disability. *Id*. Contrary to Plaintiff's position, the ALJ acknowledged Plaintiff's difficulties studying and concentrating. *Id*.

Finally, Plaintiff contends that the ALJ erred in finding that Plaintiff's lack of consistent medical treatment undermined his credibility. Docket No. 20 at 19; see A.R. 120. This finding was supported by the record. A.R. 372 (noting that Plaintiff's participation in group therapy and individual psychotherapy was "inconsistent and somewhat limited"). The ALJ properly considered Plaintiff's lack of consistent treatment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

In short, despite Plaintiff's allegations to the contrary, the ALJ provided clear and convincing evidence in making an adverse credibility determination. Ninth Circuit authority confirms that the facts considered by the ALJ were proper and that the ALJ could make an adverse credibility determination based on those factors taken collectively. As a result, the Court finds that the ALJ's credibility finding is supported by substantial evidence and free of legal error.

### C.     Veteran's Affairs Determination

"A VA rating of disability does not necessarily compel the [Social Security Administration] to reach an identical result." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). "A VA determination of disability is ordinarily entitled to great weight, but an ALJ may give less weight to VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (internal quotations omitted). The fact that the governing rules differ for the Social Security Administration and the VA is not a persuasive, specific, valid reason for rejecting the VA determination. *Id*. However, an ALJ is "justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

Here, as in *Valentine*, the ALJ benefitted from evidence not available to the VA, such as "the opinions of the agency psychologists[.]" *Id*. The ALJ found that the "VA evaluation would be . . . inconsistent with the greater weight of the medical opinion evidence as discussed more specifically herein." A.R. 118. Contrary to Plaintiff's position, the ALJ did not solely reject the VA's determination "because such a determination is not binding on the Social Security Administration." Docket No. 20 at 21. Rather, the ALJ considered the new medical opinion evidence, such as the opinions of Dr.

1  Woodson-Johnson and Dr. Talei, which undermined the pre-existing medical evidence. A.R. 118. As
2  discussed above, this finding is supported by the record. This new evidence constitutes a persuasive,
3  specific, and valid reason supported by the record for rejecting the VA's disability determination.
4  *Valentine*, 574 F.3d at 695. Accordingly, the ALJ did not err in rejecting the VA's disability
5  determination.

      D.      Vocational Expert Testimony

Plaintiff asserts that the ALJ presented an incomplete hypothetical to the vocation expert and, therefore, erred in relying upon the vocational expert's testimony. Docket No. 20 at 22-23. Plaintiff relies exclusively on *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed.Appx. 211 (9th Cir. 2009) and submits that the ALJ failed to account for Plaintiff's moderate restriction in concentration, persistence or pace by limiting Plaintiff to simple repetitive tasks with occasional public contact. *Id.* Defendant responds that this case is analogous to *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) and, accordingly, no error occurred. Docket No. 21 at 12-13.

In *Stubbs-Danielson*, a non-examining doctor's opinion was that, despite the claimant's slow pace, both in thinking and actions, the claimant "retained the ability to 'carry out simple tasks as evidenced by her ability to do housework, shopping, work on hobbies, cooking and reading.'" *Stubbs-Danielson*, 539 F.3d at 1173. The Ninth Circuit held that the ALJ did not commit error in translating the claimant's condition, "including the pace and mental limitations, into the only concrete restrictions available to [the ALJ] – [the physician's] recommended restriction to 'simple tasks.'" *Id.* at 1174.

In *Brink*, medical opinion evidence established that the claimant had difficulties with concentration, persistence, or pace. *Brink*, 343 Fed.Appx at 212. The ALJ concluded that, despite that limitation, the claimant could perform simple repetitive work. *Id.* The Ninth Circuit held this conclusion was not supported by substantial evidence and was error. *Id.*

The Ninth Circuit later reconciled *Brink* and *Stubbs-Danielson* in *Israel v. Astrue*, 494 Fed.App'x 794 (9th Cir. 2012). In *Israel*, the Court reaffirmed *Stubbs-Danielson* by holding that an ALJ can rely on medical testimony to translate a claimant's moderate limitation in concentration, persistence or pace into a concrete restriction. *Id.* at 796. Thus, the Ninth Circuit limited *Brink* to cases where an

13

ALJ, without substantial evidence, speculatively translates a moderate limitation in concentration, persistence, or pace into a concrete restriction.

Here, *Brink* is inapposite. As in *Stubbs-Danielson* and *Israel*, the ALJ relied on medical opinion evidence to translate Plaintiff's moderate limitations in concentration, persistence or pace into a concrete restriction that Plaintiff was limited to simple tasks. *See* A.R. 118 (citing Dr. Talei's report at A.R. 833). The ALJ properly credited Dr. Talei, as discussed above. Accordingly, the hypothetical presented to the vocational expert was supported by substantial evidence and was not the product of legal error. *See Israel*, 494 Fed.App'x at 796.

## IV. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's memorandum in support of motion for judgment on the pleadings (Docket No. 20) be **DENIED** and that Defendant's cross-motion to affirm (Docket No. 21) be **GRANTED**.

IT IS SO ORDERED.

DATED: July 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).