UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard Chavez,<br><br>　　Plaintiff<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>　　Defendant | 2:15-cv-01563-JAD-NJK<br><br>**Order and Judgment Affirming Denial of Social Security Benefits**<br><br>[ECF Nos. 20, 21, 23, 24] |

    Plaintiff Richard Chavez applied for disability insurance based primarily on post-traumatic stress that he began suffering after serving in the armed forces.[1] The Social Security Administration (the '"Commissioner") denied his application, and an Administrative Law Judge upheld the agency's decision.[2] The ALJ's decision therefore became the Commissioner's final decision. Chavez now seeks judicial review of that decision, arguing that I should reverse it or remand the case back to the Commissioner.

    I referred this case to U.S. Magistrate Nancy Koppe for findings and recommendations on Chavez's motion to remand and the Commissioner's cross-motion to affirm the denial. After thoroughly evaluating the parties' arguments, Judge Koppe recommends that I deny Chavez's motion and grant the Commissioner's cross-motion to affirm.[3] Chavez objects.[4] He raises various arguments, but having reviewed the record de novo, I agree with Judge Koppe that the ALJ's decision was supported by substantial evidence and not based on legal error. I thus deny Chavez's

---

[1] ECF No. 19-1 at 121–125.

[2] *Id.*

[3] ECF No. 23.

[4] ECF No. 24.

motion, grant the Commissioner's motion to affirm, and adopt Judge Koppe's recommendation.[5]

## Discussion

Chavez offers only three narrow objections to Judge Koppe's findings: (1) that the ALJ was wrong to discount the opinions of Chavez's two treating physicians, (2) that the ALJ erred in discounting Chavez's credibility, and (3) that the ALJ improperly weighed the importance of the Veterans Administration's ("VA") prior disability determination.[6] I address each in turn.

### A.  Standard of Review: Substantial Evidence or Legal Error

I may set the ALJ's determination aside only if his finding is not supported by substantial evidence or is based on legal error.[7] "Substantial evidence means more than a scintilla but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion."[8] If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm.[9] My role is not to second-guess: "Generally, questions of credibility and resolution of conflicts in testimony are functions solely for the agency."[10]

I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[11] I may also order the Commissioner to collect additional evidence, "but only upon a showing that there is

---

[5] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-1. Chavez originally contended that the ALJ also erred in how he questioned a vocational expert, but Chavez failed to object to that portion of Judge Koppe's report and thus waived that argument. In any event, I reviewed the record and arguments de novo and adopt Judge Koppe's findings on this point.

[6] ECF No. 24 at 2.

[7] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

[8] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[9] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

[10] *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

[11] 42 U.S.C. § 405(g).

1  new [material] evidence . . . [and] good cause for the failure to incorporate [that] evidence into the
2  record in a prior proceeding."[12]

3  Chavez is entitled to disability benefits under the Social Security Act ("SSA") if he (a)
4  "suffers from a medically determinable physical or mental impairment . . . that has lasted or can be
5  expected to last for a continuous period of not less than twelve months; and (b) the impairment
6  renders [him] incapable of performing the work . . . [he] previously performed and incapable of
7  performing any other substantial gainful employment that exists in the national economy."[13]  If
8  Chavez demonstrates that he cannot perform his prior work, the burden shifts to the Commissioner
9  to show that Chavez can perform a significant number of other jobs that exist in the national
10 economy.[14]

11 **B.    The ALJ properly discounted Chavez's treating physician opinions.**

12 Chavez first argues that the ALJ wrongly discounted the opinion of his treating physicians,
13 Drs. Aziz and Taccir-Macias.  Generally, "[t]he opinions of the applicant's treating physicians are
14 entitled to more weight than the opinions of doctors who do not treat the claimant."[15]  But that does
15 not mean that a treating physician's opinion is gospel; an ALJ may properly reject these opinions if
16 other evidence contradicts it or if the treating physician did not adequately support his findings.[16]
17 When rejecting a treating physician's opinion, the ALJ should cite "specific and legitimate reasons"
18 for doing so.[17]

19 The ALJ identified specific, legitimate reasons for discounting the opinions of Chavez's two

---

[12] *Id.*

[13] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

[14] *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

[15] *Hostrawser v. Astrue*, 364 F. App'x 373, 375 (9th Cir. 2010).

[16] *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that examining physician's opinion constituted sufficient evidence to reject treating physician's brief and conclusory opinion).

[17] *Orn v. Astrue*, 495 F. 3d 625, 634 (9th Cir. 2007).

treating physicians. The ALJ largely discounted both because they did not appear to take into account how Chavez's alcohol abuse impacted his impairments. The parties do not dispute that any impairments caused by Chavez abusing alcohol are not a proper basis for awarding disability benefits to him. And the record is replete with evidence that Chavez had an ongoing problem with alcohol abuse and that this made it difficult for his physicians to accurately determine whether his underlying impairments were the cause of his symptoms.[18] Thus it was perfectly proper for the ALJ to ask whether Chavez's treating physicians reached their opinions by collectively taking into account *all of his symptoms* (alcohol related and not), or whether, instead, these physicians affirmatively identified Chavez's alcohol-related symptoms and kept them out of their ultimate findings.

The ALJ determined that both treating physicians failed to exclude Chavez's alcohol-based symptoms from their ultimate findings. The question then is whether substantial evidence supports this determination—and it does. The parties dispute whether Dr. Aziz and Dr. Taccir-Macias were in the dark about Chavez's alcohol use in the first place (and thus, practically, must have mistakenly included its impact in their findings). As to Dr. Aziz, the ALJ based his finding on the fact that there was no evidence that he knew of Chavez's alcohol use. Chavez points me to no evidence suggesting otherwise. This was therefore a proper basis for discounting his opinion.

Chavez points out that Dr. Taccir-Macias was told of his alcohol abuse and that the evaluation form she filled out for him specifically instructed that she include only limitations *in the absence of alcohol use*—so this physician must have properly excluded his alcohol-related limitations from her ultimate findings. But what Chavez fails to realize is that the ALJ appears to have interpreted this form to mean that Dr. Taccir-Macias believed Chavez no longer abused alcohol.[19] The form says that the physician should include only limitations that exist "in the absence

---

[18] *See, e.g.,* ECF No. 19-1 at 912.

[19] Chavez seems taken aback in his brief: "The finding of the ALJ and Magistrate Judge that the treating doctor's [sic] both were well aware of Mr. Chavez's past alcohol use and did not consider it is a non sequitur. Certainly if the treating experts were aware of Mr. Chavez's history of substance use, which the Magistrate Judge concedes they were, then they considered it." ECF No. 24 at 3. But showing that the treating physicians knew of his alcohol use is not enough; it is not even enough to ask whether they "considered" it. The relevant question is whether they

of drug or alcohol use"—in other words, the physician could only include limitations Chavez had *when he wasn't abusing alcohol*. The ALJ believed that because Chavez was abusing alcohol at that point, Dr. Taccir-Macias must have believed Chavez was no longer abusing alcohol. This may not be the same as Chavez's interpretation of the form (or for that matter, the same interpretation I would have)—but it is reasonable, and thus I cannot second guess it.[20]

Even assuming that these physicians knew of Chavez's alcohol abuse when they made their findings, there is no evidence that they affirmatively set out to identify Chavez's alcohol-related impairments so that they could exclude them from their findings. That is probably because the entirety of their findings consist of checking some boxes on a form. They provided no explanation of their findings or what methodology they used—including how, or even if, they attempted to exclude Chavez's alcohol-related symptoms. The ALJ's determination that Chavez's treating physicians did not adequately exclude his alcohol-related symptoms is thus supported by substantial evidence.

And the ALJ relied on more than the physicians' failure to consider Chavez's alcohol-related symptoms. The ALJ noted the extreme discrepancy between the opinions of Chavez's treating physicians (finding Chavez had severe limitations *in all 23 of his mental activities*) and the opinions of other physicians (finding that Chavez had overall average cognitive ability).[21] The ALJ also noted

---

undertook to affirmatively identify which of his symptoms were caused by alcohol use and, if so, whether they then excluded those symptoms when coming to their ultimate findings.

[20] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

[21] ECF No. 19-1 at 123–24; *id.* at 124 (noting that Dr. Aziz's opinion was "inconsistent with the record as a whole"). Chavez argues that the ALJ could not credit Chavez's non-treating physicians more than his treating ones because non-treating physician opinions are only "substantial evidence" when they consider new evidence or make new findings not made by the treating physicians. Even if that were true, Chavez's non-treating examiners did indeed make new findings, including conducting a Psychiatric Review Technique and multiple in-person examinations. ECF No. 19-1 at 121. Thus their findings constitute substantial evidence that the ALJ could properly use to discount his treating physicians' opinions.

the "statistical astonishing" fact that Dr. Taccir-Macias and Dr. Aziz—after examining Chavez seven months apart—found that he had identical limitations *as to every single of his 23 mental activities*.[22] Finally, the treating physicians' failure to provide any rationale, treatment notes, or psychiatric tests that underlie their findings removes any doubt that the ALJ's failure to consider their opinions was proper.[23]

**C.    The ALJ's credibility determinations are adequately supported by the record**.

Chavez next argues that the ALJ was wrong to find Chavez "not entirely" credible. But the ALJ's adverse credibility finding was well supported by substantial evidence. "If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."[24] In deciding how much to credit a claimant's testimony, the ALJ considers, among other things: the "[claimant's] daily activities, his

---

[22] *Id.*

[23] *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Chavez also argues that any dispute about whether these doctors knew of or considered his alcohol use is a non sequitur because the ALJ did not make a finding that his alcohol use was material to disability. Chavez relies on case law holding that an ALJ cannot use alcohol abuse to deny disability benefits unless, first, the ALJ finds that the applicant is disabled. *See, e.g., Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). But this precedent is inapposite because the ALJ did not determine Chavez's disability based on his use of alcohol; he based his determination on the affirmative medical evidence in the record. Another more fundamental problem is that if the ALJ was required to first find Chavez disabled based on all of his symptoms (including his alcohol-related ones), and it is true, as Chavez suggests, that his treating physicians excluded his alcohol-related symptoms—then the ALJ was right to reject them anyway because they did not consider all of the symptoms cumulatively. At bottom, this highlights the basic problem with the treating physicians' opinions: they are so conclusory that it is impossible to discern what they based their findings on. Thus is was proper for the ALJ to discount them. Ultimately, any error in failing to make a disability determination before considering alcohol abuse is harmless because, even if Chavez was disabled based on the treating physicians' opinion, Chavez could not have later shown that his impairments were caused by legitimate sources. *See McLeod v. Astrue*, 640 F.3d 881, 886–88 (9th Cir. 2011) (holding that the same kind of harmless error rule that courts ordinarily apply in civil cases applies in social security disability cases, and that the burden is on the party attacking the agency's determination to show that prejudice resulted from the error).

[24] *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (quotation omitted).

work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."[25] The ALJ may also consider the claimant's demeanor at his hearing before the ALJ, as well as the lack of medical evidence supporting the claimant's allegations.[26] But neither of these latter factors, on its own, is enough to find a claimant not credible.[27]

This is not a case where the ALJ offhandedly dismissed the applicant's subjective complaints; this ALJ gave significant consideration to Chavez's testimony. He credited Chavez's subjective claim that he had trouble with social situations, finding that, as a result, he was limited to minimal contact with coworkers and the public.[28] Similarly, he credited Chavez's claims about his ability to concentrate, limiting him to simple, repetitive tasks.[29]

Despite this, Chavez challenges the ALJ's decision to not find him "entirely" credible. But his decision to do so was well supported. The ALJ first properly relied on his observations of Chavez at his hearing.[30] He next relied on the lack of any evidence to support some of Chavez's claims.[31] Chavez does not meaningfully dispute these two reasons: he contends that they are not sufficient. But while *on their own* neither of these reasons would be enough, Chavez provides no authority suggesting that these reasons, together, are not enough to find a claimant less credible.

In any event, the ALJ relied on several other facts that cast doubt upon Chavez's testimony. The ALJ pointed out that Chavez claimed that he was "unable to work" when seeking benefits from the VA—but he admitted in other records that he was working in a series of jobs during that same

---

[25] *Id.* (quotation omitted).

[26] *Orn v. Astrue*, 495 F.3d 625, 639–40 (9th Cir. 2007).

[27] *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

[28] ECF No. 19-1 at 122.

[29] *Id.*

[30] Chavez points out that an ALJ cannot rely solely on demeanor evidence. This is true—but unhelpful given that the ALJ relied on several other valid reasons, which I summarize *infra*.

[31] *Id.*

period.³² The ALJ also relied on the fact that Chavez appears to have misrepresented why he left a prior job. Chavez testified that he quit this job because of his impairments; he told Dr. Talei that he quit because he qualified for VA benefits.³³ Finally, the ALJ properly found that some of Chavez's allegations about the severity of his impairments were belied by his failure to seek out consistent treatment.³⁴ The ALJ's decision to give Chavez less than "entire" credibility is thus supported by substantial evidence.

**F.     The ALJ properly considered the VA's disability determination.**

Finally, Chavez briefly argues that the ALJ should have given the VA's disability determination more weight. The VA found Chavez disabled. But because the VA's standard for finding a person disabled is different from the standard that the Commissioner uses, the VA's determination is not dispositive.³⁵ ALJs may give the VA's determinations less weight as long as the ALJ "gives persuasive, specific, valid reasons for doing so that are supported by the record."³⁶

The ALJ considered the VA's disability determination and incorporated that determination into his ultimate decision.³⁷ While he gave the VA's determination somewhat less weight, he provided legitimate reasons for doing so. The ALJ relied on new medical opinion evidence, including Dr. Talei's opinion, which contradicted the VA's findings.³⁸ The ALJ also relied on the fact that the VA's decision did not provide any discussion of the sorts of functional limitations that

---

³² ECF No. 19-1 at 125.

³³ *Id. See Orn*, 495 F.3d at 636; *see also* 20 C.F.R. § 416.929(c)(3)(i); *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009).

³⁴ *Burch*, 400 F.3d at 681.

³⁵ *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

³⁶ *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010).

³⁷ The ALJ expressly stated that he did, indeed "consider[] the fact that [Chavez] . . . was assessed a disability rating by the Veterans Administration." ER 19-1 at 123.

³⁸ Chavez counters that the ALJ did not make clear that he discounted the VA's determination because of these contradictions. But the ALJ expressly stated that the VA's determination was "inconsistent with the greater weight of [this] medical opinion evidence." *Id.*

the ALJ was required to make for purposes of the SSA. The ALJ's decision to not "fully credit[]" the VA's determination was therefore properly supported.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Richard Chavez's **Motion for Judgment on the Pleadings [ECF 20] is DENIED** and his **Objections to Magistrate Judge Koppe's Report and Recommendation [ECF 24] are OVERRULED**.

IT IS FURTHER ORDERED **that Magistrate Judge Koppe's Report and Recommendation [ECF 23] is ADOPTED and the Commissioner's Cross-Motion to Affirm [ECF 21] is Granted.**

Dated this 27th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge